IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMAAL ALI BILAL
  a/k/a JOHN L. BURTON,
       Plaintiff,

vs.                                   Case No. 3:05cv366/LAC/MD

CITY OF PENSACOLA, et al.,
       Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff filing an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 10). The filing fee has been paid. (Doc. 6). Service upon defendants has not been effected. Upon review of the amended complaint, the court concludes that plaintiff has failed to establish a jurisdictional basis for his claims against defendants, and that plaintiff's claims against the defendants are not of sufficient substance to support federal jurisdiction. Therefore, dismissal of this action is warranted.

## BACKGROUND

Plaintiff, formerly a prisoner in the custody of the State of Florida, is at present civilly confined under the Florida Sexually Violent Predator statute known as the Jimmy Ryce Act (the "Ryce Act").[1] He names six defendants in this action: Mark

---

[1] The "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910 (2001). Those convicted of a sexually violent offense and soon to complete their sentence are evaluated under the Act to determine if there is probable cause to believe they may be a "sexually violent predator" under the Act. *Id.*, §§ 394.912-915. If so, a judicial hearing is scheduled, and the individual is "held in custody in a secure facility without opportunity for pretrial release or release during the trial

Bednar, an attorney in Pensacola, Florida; Tina Stroude, Mr. Bednar's secretary; John Doe(s), Escambia County Sheriff's Deputies; Rachel Ray, Escambia County Attorney; the City of Pensacola; and the State of Florida. (Doc. 10, pp. 1-2). Plaintiff states he is "challeng[ing] his 1995 arrest, prosecution, and trial proceeding for making a harassing telephone call." (*Id.*, p. 3(f) ¶ 24).[2] According to plaintiff, after his first trial ended in a mistrial due to the jury returning deadlocked, he resolved the charge against him by entering a nolo contendere plea with adjudication of guilt withheld.[3] (*Id.*, pp. 3(g)-(h) ¶¶ 31-34). Plaintiff contends that the arrest "was the primary basis and triggered violation of probation proceedings and served as the nexus and fruit for in-house criminal charges and the basis for his current Ryce Act commitment." (*Id.*, pp. 3(h)-(i) ¶ 35). Asserting violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights as well as claims of malicious prosecution, false arrest, and legal malpractice, plaintiff seeks monetary damages, the issuance of a declaratory judgment "stating that plaintiff['s] arrest and prosecution for harassing phone call violates U.S. Constitution and constitutes a nexus to his civil detainment under the Ryce Act," an injunction "ordering the State of Florida or any agent thereof to release the plaintiff from civil detainment and report Bednar and Ray to the Florida Bar," and an order requiring defendants to issue a written apology to plaintiff's child for causing plaintiff's separation from her. (*Id.*, pp. 4-4(d)).

---

proceedings." *Id.,* § 394.915. Those found to be sexually violent predators are then "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." *Id.*, § 394.917.

[2]Apparently, plaintiff was charged with having made the purportedly harassing telephone call to Mr. Bednar. Plaintiff explains that he had contacted Mr. Bednar for assistance in re-setting a child visitation enforcement hearing plaintiff had missed. Mr. Bednar had agreed to assist plaintiff and instructed plaintiff to "check back at his office by phone." Plaintiff made two telephone calls to the office, and it was these calls that led to plaintiff being charged with two counts of making a harassing telephone call.

[3]Plaintiff entered the nolo contendere plea as to Count 1. He was acquitted of Count 2. *See* www.clerk.co.escambia.fl.us, case number 95-18882 MM)

*Case No: 3:05cv366/LAC/MD*

## DISCUSSION

<u>Subject Matter Jurisdiction</u>

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992) (a district court can *sua sponte* raise a jurisdictional defect); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction (citations omitted)). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Barnett*, 956 F.2d at 1039; *Lovern*, 190 F.3d at 653 (citations omitted).

Subject matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity jurisdiction. For federal question jurisdiction, plaintiff must allege a violation of his constitutional rights or a right created under federal law. 28 U.S.C. § 1331. For diversity jurisdiction, plaintiff must allege that he and the defendants are citizens of different states and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. In this case, plaintiff is proceeding under federal question jurisdiction pursuant to 42 U.S.C. § 1983.

"[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Id.* (internal quotations omitted); *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) ("Federal jurisdiction requires that a party assert a <u>substantial</u> federal claim. ") (citing *Hagans v. Levine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1976)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In *Hagans*, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated

and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion." 415 U.S. at 536-37, 94 S.Ct. at 1378-79 (internal quotations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." 416 U.S. at 538, 94 S.Ct. at 1379. Notwithstanding the foregoing, "a claim alleged to arise under federal law should not be dismissed for lack of subject matter jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and law of the United States are given one construction and will be defeated if they are given another.'" *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting *Bell v. Hood*, 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946)).

"In determining the substantiality of a federal claim . . . this court must determine whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *Barnett*, 956 F.2d at 1041 (quoting *Bell v. Hood*, 327 U.S. at 683, 66 S.Ct. at 776)). "A federal claim will be deemed without any legal merit if the claim has no plausible foundation, or [if] the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (internal quotations omitted) (brackets in original).

**Plaintiff's Claims**

In order to prevail on a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The court will examine each of plaintiff's claims to determine whether subject matter jurisdiction exists.

　　1. **Claims Against State of Florida**

Plaintiff claims the State of Florida instituted a criminal trial against plaintiff "while legally divested of jurisdiction to do so," and that such action "constitutes an abuse of power, kidnap, involuntary servitude, and misuse of delegated powers which constitute a violation of the Ninth, Tenth, Eleventh and Thirteenth

Amendments. . . ." (Doc. 10, p. 4(b) ¶ 6). Plaintiff also claims that "all defendants" violated his Fourteenth Amendment rights by "directly or indirectly interfering, obstructing, annulling, or causing loss of consortium with plaintiff's right to rear, father, provide, and associate with one's children without undue interference. . . ." (*Id.*, pp. 4(b)-(c) ¶ 9).

It is well established that a state is not a person within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989). Because the previous decisions of the Supreme Court leave no room for the inference that plaintiff may maintain a § 1983 action against the State of Florida, plaintiff's claims against this defendant are plainly insubstantial and should be dismissed for lack of jurisdiction.

**2. Claims Against City of Pensacola**

Plaintiff seeks to impose liability against the City of Pensacola on the same factual and legal bases as those discussed directly above. It is well settled that a local governing body can be sued directly under section 1983 for monetary, declaratory or injunctive relief when the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body." *Monell v. Dep't of Social Servs. of New York City*, 436 U.S. 658, 690, 691, 98 S.Ct. 2018, 2035, 2036, 56 L.Ed.2d 611 (1978). Furthermore, local governing bodies may be sued for constitutional deprivations emanating from "custom" although such a custom is not the product of formal adoption via the body's official decision making regime.[4] As Justice Brennan stated: "municipal liability under § 1983 attaches where-- and only where--a deliberate choice to follow a course of action is made among various alternatives" by local policymakers. *Pembaur v. Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300-01, 89 L.Ed.2d 452

---

[4]In *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the Court stated:

> Congress included customs and usages [in section 1983] because of the persistent and widespread discriminatory practices of state officials . . . although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a "custom or usage" with the force of law.

*Id.*, 398 U.S. at 167-68, 90 S.Ct. at 1613.

(1986) (plurality). Therefore, in order to recover against a city or municipality, a plaintiff must demonstrate that the alleged constitutional deprivation occurred pursuant to a custom or policy of the municipality. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037; *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1503 (11th Cir. 1985); *Hearn v. City of Gainesville*, 688 F.2d 1328, 1334 (11th Cir. 1982). In the instant case, plaintiff neither claims nor alleges facts to remotely suggest that his arrest and prosecution occurred as a result of a custom or policy of the City of Pensacola. In fact, this defendant is not mentioned anywhere in plaintiff's statement of the facts of his case, except in a concluding paragraph where plaintiff states that he "seeks to hold defendants City of Pensacola, Mark Bednar, Tina Stroude, John Doe(s) and Rachel Ray liable for their roles in plaintiff's arrest and prosecution." (Doc. 10, p. 3(i) ¶36). Plaintiff's allegations, however, do not suggest that the City of Pensacola had <u>any</u> role in his 1995 arrest and prosecution. Because plaintiff's claims against the City of Pensacola have no plausible foundation, they should be dismissed for lack of jurisdiction.

3. <u>Claims Against County Attorney Rachel Ray</u>

Plaintiff seeks to impose liability against defendant Ray for prosecuting him on the harassing telephone call charges. Plaintiff claims County Attorney Ray lacked jurisdiction to subject him to a jury trial "because Florida law prohibits jury trials being held for second degree misdemeanor offenses." (Doc. 10, p. 3(g) ¶ 29).

A prosecutor is entitled to absolute immunity for all actions she takes while performing her function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). A prosecutor is absolutely immune from suit for malicious prosecution. *Malley v. Briggs*, 475 U.S. 335, 342-43, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Such absolute immunity extends to a prosecutor's "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of h[er] role as an advocate for the State." *Buckley*, 509 U.S. at 273, 113 S.Ct. 2606;

*Mastroianni v. Bowers*, 173 F.3d 1363 (11th Cir. 1999). Under these principles, it is clear that defendant Ray is entitled to absolute immunity from liability for her conduct during the "judicial phase" of plaintiff's case, including subjecting plaintiff to a trial. *See Jones v. Cannon*, 174 F.3d 1271, 1285 (11th Cir. 1999). As prior Supreme Court decisions clearly foreclose plaintiff's claims against this defendant, such claims should be dismissed for lack of subject matter jurisdiction.

### 4. Claims Against Mr. Bednar and Ms. Stroude

As previously discussed, in order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d at 1303. State action requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). This is a jurisdictional prerequisite. *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986); *Haynes v. Sacred Heart Hosp., F.E.*, No. 05-10840, 2005 WL 2077777 at *1 (Aug. 30, 2005). If the court concludes there is no state action, it must dismiss plaintiff's § 1983 claim. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn.* 241 F.3d at 1347 (internal quotation marks omitted). Here, plaintiff alleges defendants Bednar and Stroude acted in collusion with each other to deprive plaintiff of his constitutional rights by making misrepresentations to Escambia County Sheriff's Deputies concerning the telephone calls at issue. (Doc. 10, pp. 3(e)-(f)). However, plaintiff's allegations do not remotely suggest the kind of joint action

**with state actors** that would subject these private party defendants to § 1983 liability. Because plaintiff's claims against defendants Bednar and Stroude do not allege a constitutional violation by a state actor, plaintiff fails to meet the jurisdictional prerequisites to bring an action against them under § 1983.

### 5.  Claims Against John Doe(s) Escambia County Sheriff's Deputies

Plaintiff claims the Escambia County Sheriff's Deputies who arrested him violated his rights under the First, Fourth, Fifth and Fourteenth Amendments because their arrest was based on the "misrepresentations and lies" of Mr. Bednar and Ms. Stroude, and was made "without a warrant, probable cause, or reliable facts." (Doc. 10, pp. 3(d)-(e) ¶¶17, 18, 20).  Plaintiff supports this claim by asserting that he "denies violating the harassing telephone call statute in that his name was disclosed, and the telephone conversations were not obscene, lewd, lascivious, filthy, vulgar or indecent."  (*Id.,* p. 3(f) ¶ 25).  He further contends that he "denies threatening defendant Bednar or Stroude and that the arrest was manufact[u]red by Ms. Stroude out of racial indifference caused by the verbal confrontations, etc., we had during her former employment days as a court clerk."  (*Id.,* at ¶ 26).

The United State Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), clearly forecloses plaintiff's claims.  Under *Heck*, a § 1983 action that impugns the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings.  As *Heck* noted, § 1983 "creates a species of tort liability."  512 U.S. at 483, 114 S.Ct. 2364.  Thus, common law bars to suit apply to claims brought under § 1983.  *Id.*  In *Heck*, the Court held a § 1983 malicious prosecution claim was subject to the common law requirement that the plaintiff show the prior criminal proceeding terminated in his favor.  *Id.* at 484, 114 S.Ct. 2364.  The purpose of the requirement, the Court explained, is to avoid parallel litigation of probable cause and guilt.  *Id.*  It also prevents the claimant from succeeding in a tort action after having been convicted in the underlying criminal prosecution, which would run counter to the judicial policy against creating two conflicting resolutions arising from the same transaction.  *Id.*

*Case No: 3:05cv366/LAC/MD*

These reasons are equally applicable in this context.  Plaintiff's underlying charge and his § 1983 First Amendment claim requires answering the same question -- whether plaintiff's behavior constituted protected activity or a harassing telephone call.  Moreover, plaintiff's underlying charge and his § 1983 Fourth and Fourteenth Amendment claims require answering the same question--whether Mr. Bednar's and Ms. Stroude's representations were sufficient to arrest and prosecute plaintiff for making a harassing telephone call.  Success on plaintiff's § 1983 claims would result in parallel litigation over whether plaintiff's activity constituted making a harassing telephone call and could result in a conflicting resolution arising from the same conduct.  Because a ruling in plaintiff's favor would necessarily imply the invalidity of his nolo contendere plea, he is barred from bringing the instant claims.[5]

The undersigned recognizes that concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1, 118 s.Ct. 978, 140 L.Ed.2d 43 (1998), question the applicability of *Heck* to an individual, such as plaintiff, who has no recourse under the habeas statute.  See *id.* at 19-20, 118 S.Ct. 978 (Souter, J., concurring); *id.* at 21, 118 S.Ct. 978 (Ginsburg, J., concurring); *id.* at 25 n.8, 118 S.Ct. 978 (Stevens, J., dissenting).  But these opinions do not affect this court's conclusion that *Heck* applies to plaintiff's claims. It is doubtful that *Heck* has been undermined, but to the extent its continued validity has been called into question, this court must follow the Supreme Court's admonition "to lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court 'the prerogative of overruling its own decisions.'" *Figueroa v. Rivera*, 147 F.3d 77, 81 n.3 (1st Cir. 1998) (citing *Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997)); *see Gilles v.*

---

[5]The court is aware that a plea of nolo contendere followed by a withholding of adjudication is not a "conviction" under Florida law.  See *Garron v. State*, 528 So.2d 353, 360 (Fla. 1988); *Negron v. State*, 799 So.2d 1126 (Fla. 5th Dist. Ct. App. 2001) ("[A] no-contest plea followed by a withhold of adjudication is not a 'conviction.'"); *see also United States v. Willis*, 106 F.3d 966 (11th Cir. 1997) (interpreting Florida Law).  However, the principles of federal law discussed in *Heck* control this case.  Plaintiff's nolo contendere plea could not have been accepted by the Florida court without the court first determining that there was a factual basis for the plea. Success on plaintiff's claims would result in parallel litigation concerning whether the facts related by Mr. Bednar and Ms. Stroude, which according to plaintiff formed the basis of his arrest and prosecution, constituted the offense of making a harassing telephone call.

*Case No: 3:05cv366/LAC/MD*

*Davis*, 427 F.3d 197, 209-10 (3rd Cir. 2005); *Randell v. Johnson*, 227 F.3d 30, 301-02 (5th Cir. 2000). Because *Heck* leaves no room for the inference that plaintiff may pursue his claims, such claims are plainly insubstantial and should be dismissed for lack of jurisdiction.[6]

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED for lack of subject matter jurisdiction.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[6]**Plaintiff's claims against all defendants, not just defendant John Doe(s), may be dismissed on this basis as an alternative to the grounds previously discussed.**

*Case No: 3:05cv366/LAC/MD*